AO 91 (Rev. 11/11) Criminal Complaint

**FILED**
October 17, 2025
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) Case No. | 6:25-MJ-063-BU |
| | ) | |
| Ignacio Moroles, Jr. | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 13, 2025__ in the county of __Tom Green__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 751. | Escape from Federal Custody |

This criminal complaint is based on these facts:

See attached affidavit in support of complaint.

☑ Continued on the attached sheet.

Approved:
s/ Jeffrey R. Haag
Asst. U.S. Attorney

_____
*Complainant's signature*

, Deputy United States Marshal
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this __17th__ day of __October__, 2025.

Date: __October 17, 2025__

_____
*Judge's signature*

City and state: __Abilene, Texas__    John R. Parker, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Nathan Mavia, affiant herein, being duly sworn, state that I am a Deputy United States Marshal (DUSM), assigned to the Abilene Field Office and stationed in Abilene, Texas. I have been employed with the United States Marshals Service since February 2022. I attended the Federal Law Enforcement Training Center in Brunswick, Georgia, for Basic Deputy United States Marshals Service – Integrated training for approximately 22 weeks. During my time at the training academy, I received extensive training on how to conduct fugitive investigations and proper procedures for operations of apprehension of escaped subjects.

Prior to my employment with United States Marshals Service, I was a Deputy Sheriff for the Butler County Sheriff's Department in El Dorado, Kansas, for approximately five years. My work with the department consisted of conducting interviews & interrogations, performing criminal investigations, and working apprehension of fugitives. Additionally, during my employment with the department, as a member of the United States Air Force Kansas Air National Guard, I was assigned to the Kansas Counter Drug Task Force, in which I was tasked to the United States Marshals Service in Wichita, Kansas, as a Criminal Intelligence Analyst. In this position, I assisted in various investigations of apprehension of fugitives, to include escape cases.

The information contained in this affidavit is based upon my personal experience and information relayed to me by other persons and law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of

establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included every fact known to me in this affidavit.

As a result of my training and experience, I am familiar with 18 U.S.C. § 751, which makes it unlawful to escape from federal custody. There are four elements to this offense: (1) That the defendant was in federal custody; (2) That the defendant was in federal custody due to a lawful arrest on a felony charge or due to a conviction for any offense; (3) That the defendant left or attempted to leave federal custody without permission; and (4) That the defendant knew leaving would result in his absence from federal custody.

This affiant received information, intelligence, and reports from the Western District of Texas Midland Field Office detailing the sentence and timeline of events concerning Ignacio Moroles, Jr.

On February 10, 2017, Moroles was sentenced to 120 months' imprisonment and a three-year term of supervised release for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), Distribution and Possession with Intent to Distribute Methamphetamine, in case number 5:16-CR-00034-C(02). In preparation for his impending release date, the Bureau of Prisons (BOP) assigned Moroles to a halfway house, that is, Dismas Charities, 24 W. Industrial Loop, Midland, Texas. Dismas Charities is a halfway house that is part of the BOP. Dismas Charities also monitors BOP inmates that are placed on home confinement. Even while on home confinement, an inmate is still in federal custody.

On August 27, 2025, Moroles was placed on home confinement at 50 W. 30th Street, San Angelo, Texas, 76903. Moroles was under the supervision of Dismas

**Affidavit in Support of Complaint – Page 2**

Charities at his approved residence. Electronic monitoring was put in place on Moroles, which was able to monitor his location. Moroles was cleared to travel for work purposes and had been compliant with conditions before his escape.

On October 11, 2025, a call for service was placed to have the San Angelo Police Department (SAPD) respond to a domestic dispute at 50 West 30th Street, San Angelo, Texas. The call was about a dispute between Moroles and his girlfriend, A.C. After the conclusion of an investigation by SAPD officers, both parties separated, and no arrests were made.

On October 12, 2025, Moroles advised Dismas Charities staff that he was going to stop checking in and accepting calls. Dismas Charities informed law enforcement and SAPD officers conducted a welfare check at Moroles's residence. Moroles informed responding officers that he was frustrated with the electronic monitoring device going off every minute. Dismas Charities staff informed Moroles to report to the office to fix any ongoing issues with his device. Moroles failed to report.

On October 13, 2025, Dismas Charities staff contacted Moroles to speak with him about compliance with his monitor. Moroles said that he was not going to keep his monitor charged and he would not be answering calls from staff. Dismas Charities told Moroles to return to the facility and Moroles refused.

Dismas Charities requested a second welfare check due to Moroles's failure to answer phone calls. At this point, the electronic monitoring device showed Moroles was located at his residence. Upon arrival, SAPD officers could not contact Moroles. Officers were informed by his mother, M.C., that he was not home at the time and had

left after removing his tracking device the night before. During the evening of same day, Moroles's electronic monitoring device went offline, and Moroles has made no attempts to contact Dismas Charities. Moroles's whereabouts are currently unknown.

Based on my training, education, and experience, and the information provided to me, I believe that Moroles violated Title 18, United State Code, Section 751(a), by escaping from federal custody.

Nathan Mavia
Deputy United States Marshal
United States Marshals Service

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this  17th  day of October 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE